Opinion
 

 BLEASE, J.
 

 Appellant Placer County appeals from a child support order which excluded respondent Michael Anthony Andrade’s bonus and overtime pay from his “annual gross income” for purposes of calculating his support obligation.
 

 We shall reverse the judgment and remand the case for reconsideration consistent with this opinion.
 

 Factual and Procedural History
 

 On July 13, 1993, Placer County filed a complaint against Michael Andrade (Andrade), to establish paternity and child support. Andrade stipulated to a judgment that he was the father of Candace Jade Booth. He
 
 *1395
 
 submitted an income and expense declaration stating that his average gross monthly income for the past 12 months had been $1,700. At the support hearing, Andrade indicated that he had just received a raise, and that his gross monthly income was $1,837.
 

 Placer County argued that in 1994 and 1995, Andrade’s gross monthly income, including overtime and bonuses, had been $2,287 and $2,318, respectively, and that in the first six months of 1996, his average gross income was $2,617 per month. Andrade’s counsel argued that “the overtime is speculative and, in fact, he’s been cut back almost to nothing due to a merger which his employer’s currently going through, the overtime shouldn’t be calculated into his earnings for the purposes of this support order.”
 

 The court determined that Andrade’s gross annual income was $1,924 per month, stating, “I’m not going to force overtime. . . . [Bjased on the case of
 
 Simpson,
 

 [1]
 

 I do not include overtime. And especially in the situation where it varies from month to month.” When pressed by Placer County, the court responded, “[Bjased on a full time, with regular work regimen, I don’t think under
 
 Simpson
 
 we’re allowed to force a person to work overtime unless they are in a job situation where they are the manager of a restaurant and their regular work schedule is 55 hours a week. That, pursuant to this pay stub, is not Mr. Andrade’s regular work schedule. He works a regular—full-time work period. Occasionally he has overtime. He has occasionally, double time. He occasionally gets bonuses. So, it just varies from paycheck to paycheck. I’m not going to force him to work overtime. It’s like we don’t force people to work second jobs.” Based on a gross monthly income of $1,924, the court ordered Andrade to pay ongoing child support in the amount of $254.
 

 Placer County claims the court erred in excluding Andrade’s bonus and overtime earnings from his income for the purpose of determining his child support obligation.
 

 Discussion
 

 Family Code section
 
 [2]
 
 provides a formula for determining the amount of child support based on the net disposable incomes of the parents. The court must calculate the “annual gross income” of the parent, defined in
 
 *1396
 
 section 4058
 
 [3]
 
 as “income from whatever source derived,” except as specified, including “but not limited to” wages and bonuses.
 
 [4]
 
 From this is derived the parent’s monthly net disposable income.
 
 [5]
 
 Overtime is not excluded from the definition of “annual gross income” and the definition is broad enough to include overtime either under the term “wages” or within the inclusive “income from whatever source . . . .” Bonuses are specifically included in the definition of “annual gross income.”
 

 The assumption underlying these calculations is that past income is a good measure of the future income from which the parent must pay support. However, the law recognizes that is not always the case. Thus, the court is given discretion to adjust the “the monthly net disposable income figure [if it] does not accurately reflect the . . .
 
 prospective
 
 earnings of the parties at the time the determination of support is made ....’’ (§ 4060, italics added.) The “court may [also], in its discretion, consider the earning capacity of a parent in lieu of the parent’s income, consistent with the best interests of the children.” (§ 4058, subd. (b).)
 

 At issue is whether Andrade’s past earnings accurately reflect his prospective earnings. Andrade had earned bonus and overtime pay for the two and one-half year period preceding the support hearing. The trial court was unwilling to include this in calculating Andrade’s income because the amount varied from month to month, and because it refused to “force” Andrade to work overtime.
 

 The court cannot deduct predictable overtime and bonuses in determining Andrade’s prospective earnings merely because they occur sporadically. The
 
 *1397
 
 mechanism for calculating Andrade’s net disposable income is a monthly average. (§ 4060.) The question is whether the bonuses and overtime are likely to reoccur. Absent a determination that “the monthly net disposable income figure does not accurately reflect [Andrade’s] . . . prospective earnings,” it was error for the court to exclude overtime and bonuses in its calculation.
 

 The court can disregard past bonus and overtime payments from the calculation only if it determines that Andrade is unlikely to receive them in the future. That might occur because of changed employment conditions, as suggested by Andrade’s counsel. However, such a change should be shown by admissible evidence. A showing that a parent is unlikely to receive overtime might also be based upon evidence that the parent is no longer willing to accept voluntary overtime. The record indicates Andrade has been voluntarily working overtime for the previous two and one half years. If he continues to do so there is no ground to exclude the overtime payments. If he voluntarily ceases to work overtime the trial court may then decide “in its discretion, [whether to] consider [Andrade’s overtime] earning capacity” (§ 4058, subd. (b)) pursuant to the criteria set forth in
 
 In re Marriage of Simpson, supra, 4
 
 Cal.4th 225.
 

 On the record before us there is no substantial evidence of either basis to disregard Andrade’s past bonus and pay overtime in calculating his support obligation.
 

 Disposition
 

 The judgment is reversed and remanded for a determination whether Andrade’s past monthly net disposable income, including his overtime and bonus income, accurately reflects his prospective earnings. The parties shall bear their own costs on appeal.
 

 Puglia, P. J„ and Raye, J., concurred.
 

 [1]
 

 In re Marriage of Simpson
 
 (1992) 4 Cal.4th 225 [14 Cal.Rptr.2d 411, 841 P.2d 931].
 

 [2]
 

 A reference to an undesignated section is to the Family Code.
 

 [3]
 

 Section 4058 provides in pertinent part:
 

 “(a) The annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) and includes, but is not limited to, the following:
 

 (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers’ compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article.
 

 ((
 

 “(c) Annual gross income does not include any income derived from child support payments actually received, and income derived from any public assistance program, eligibility for which is based on a determination of need. Child support received by a party for children from another relationship shall not be included as part of that party’s gross or net income.”
 

 [4]
 

 A statement of the annual gross income of each parent must be submitted to the court on an income and expense declaration. (Jud. Council form 1285.50.) The form requires the parents to disclose the average monthly income for the preceding 12 months by dividing the annual gross income for that period by 12.
 

 [5]
 

 The “annual net disposable income” is derived by deducting specified amounts from the “annual gross income” (§ 4059), which is then divided by 12 to arrive at an average “monthly net disposable income.” (§ 4060.)