[No. D027224. Fourth Dist., Div. One. Dec. 23, 1999.]

In re the Marriage of RICHARD JOHN KERR and DEEDEE JEAN
KERR.
RICHARD JOHN KERR, Appellant, v.
DEEDEE JEAN KERR, Respondent.

## COUNSEL

Stephen Temko for Appellant.

Sharron Voorhees for Respondent.

## OPINION

**JOSEPH, J.**\*—Richard John Kerr (Richard) appeals an order setting spousal support and child support after dissolution of his 20-year marriage to Deedee Jean Kerr (Deedee). Richard contends the court erred in awarding Deedee additional spousal and child support based on a percentage of postdissolution stock option income from his employment with Qualcomm, Inc. (Qualcomm).

Although we conclude the court properly awarded Deedee additional spousal support and child support based on Richard's income from the exercise of future stock options, we further conclude use of a percentage to calculate the amount of support, under the unique circumstances here,[1] was error. Accordingly, we affirm the order in part and remand the matter for a determination of a proper amount of support based on the parties' standard of living during the marriage and the needs of the minor children.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

Richard and Deedee were married on February 3, 1973, and separated on August 21, 1993. They have shared joint legal custody of their two children,

---

\*Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] At the time the parties divided their property, they valued Qualcomm stock at $39 per share. Since that time, the value of Qualcomm stock has increased more than twentyfold.

[2] We note the older child, Jesse, became 18 years old on October 1, 1999. (See Fam. Code, § 3901.)

Jesse John (born October 1, 1981) and Dustin Nelson (born March 12, 1984), who reside primarily with Deedee. Deedee has a 12th grade education and was a homemaker throughout the marriage. According to her income and expense declaration, Deedee has monthly interest income of $1,883 and monthly expenses of approximately $6,500. Deedee claims these monthly expenses do not reflect the marital standard of living. She has had to sell some stocks to generate funds for expenses and reduce certain expenses due to lack of funds.

Richard is vice-president of engineering at Qualcomm. His annual salary was $110,427 at the time of separation and $159,735 at the time the court issued its order. During the marriage, Richard received yearly stock options from Qualcomm, producing substantial additional income, which the parties used to enhance their standard of living.[3] The parties also accumulated wealth by selling stocks or reinvesting their stock options.

After separation, Richard agreed to pay Deedee $1,143 per month in spousal support and $2,166 per month in child support. Richard and Deedee agreed to a division of their community property. Under the terms of a stipulated judgment, Richard agreed to transfer his interest in the family residence to Deedee and to pay her $1,108,500 to equalize the division of property. All stock options existing at the time of separation were included in their property division.

Deedee filed an order to show cause re: modification of spousal and child support. The parties then agreed to have the court determine the issue of permanent spousal support and child support. At the court's request, the parties provided additional information about the Qualcomm stock option plan.

After hearing argument and taking the matter under submission, the court issued its tentative statement of decision. Having considered all the factors of Family Code[4] sections 4053 and 4320, the court ordered Richard to pay $2,000 per month in spousal support and $2,806 per month in child support. The court found: "Absent the award of child support and spousal support from future options, the ongoing monthly amount set herein does not adequately meet the parties' former standard of living."

As to the Qualcomm stock options, the court found the future grant of both incentive stock options and nonqualified stock options was part of

---

[3]Between 1987 and 1995, Richard was granted options to purchase 125,000 shares of Qualcomm stock.

[4]All further statutory references are to the Family Code unless otherwise specified.

Richard's overall compensation package from employment and must be considered in setting both spousal support and child support. The court further found its award of support based on future options did not constitute a division of property, but instead was a method or formula for determining additional spousal support and child support derived from Richard's total compensation from his employment. Thus, in addition to its support order based on Richard's salary and bonuses, the court ordered Richard to transfer to Deedee 40 percent of the beneficial ownership in any future Qualcomm stock options he exercised until April 1, 2003, when the 40 percent award would be reduced to 25 percent, and would continue until further court order.

Richard requested the court make findings and state the legal and factual basis for its tentative decision. On July 31, 1996, the court held a hearing at which it responded to the request for findings. With respect to the option income, the court explained Deedee was entitled to 40 percent as spousal support and child support until both children were no longer minors, at which time Deedee would receive 25 percent of the option income as spousal support. In setting support, the court noted it was required to consider all income from employment, including stock option income, in order to meet the needs of the family and maintain the marital standard of living. The court emphasized that Richard was entitled to seek modification if, in the future, he believed the support orders exceeded the family's needs.

Richard unsuccessfully moved to reopen and enter a decision different than announced. The court modified its written tentative decision to include its findings made on July 31, 1996, and entered a supplemental judgment.[5]

## DISCUSSION

Richard contends the court abused its discretion in awarding Deedee, as additional spousal support and child support, a percentage of his undetermined future Qualcomm stock option income. Richard concedes the future grant of these options, in addition to his salary, is part of his overall compensation package and may be considered in setting spousal support and child support. However, Richard objects to the court's award of a percentage, initially 40 percent and later 25 percent, because it is not based on Deedee's or the children's needs, nor is there a gap between their needs and his ability to pay.

---

[5]The supplemental judgment, filed April 21, 1997, provides that the statement of decision shall consist of the August 16, 1996, statement of decision as modified. Further, the supplemental judgment incorporated by reference the transcript of the proceedings of July 31, 1996, at which the court made findings and stated the legal and factual basis for its tentative decision.

## I. *Spousal Support*

■    An award of spousal support is a determination to be made by the trial court in each case before it, based upon the facts and equities of that case, after weighing each of the circumstances and applicable statutory guidelines. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 481 [274 Cal.Rptr. 911] [applying the guidelines of former Civ. Code, § 4801, subd. (a)].) In making its spousal support order, the trial court possesses broad discretion so as to fairly exercise the weighing process contemplated by section 4320, with the goal of accomplishing substantial justice for the parties in the case before it. "The issue of spousal support, including its purpose, is one which is truly personal to the parties." (*In re Marriage of Smith, supra*, 225 Cal.App.3d at p. 481.) In awarding spousal support, the court must consider the mandatory guidelines of section 4320.[6] Once the court does so, the ultimate decision as to amount and duration of spousal support rests within its broad discretion and will not be reversed on appeal absent an abuse of that discretion. (225 Cal.App.3d at pp. 479-480.) "Because trial courts have such broad discretion, appellate courts must act with cautious judicial restraint in reviewing these orders." (*In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33, 50 [272 Cal.Rptr. 560].)

■    Richard asserts a percentage award of his future option income should have been based on Deedee's need rather than on the parties' historical level of financial investment, a factor he claims is inconsistent with the purpose of permanent support.  ■    However, "need is but one circumstance to be considered and must be weighed with the other circumstances." (*In re Marriage of Ostler & Smith, supra*, at p. 47.) Among those

---

[6]The version of section 4320 in effect at the time of the hearing sets forth the circumstances the court must consider in ordering spousal support: "(a) The extent to which the earning capacity of each party is sufficient to maintain the standard of living established during the marriage, taking into account all of the following: [¶] (1) The marketable skills of the supported party; the job market for those skills; the time and expense required for the supported party to acquire the appropriate education or training to develop those skills; and the possible need for retraining or education to acquire other, more marketable skills or employment. [¶] (2) The extent to which the supported party's present or future earning capacity is impaired by periods of unemployment that were incurred during the marriage to permit the supported party to devote time to domestic duties. [¶] (b) The extent to which the supported party contributed to the attainment of an education, training, a career position, or a license by the supporting party. [¶] (c) The ability to pay of the supporting party, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living. [¶] (d) The needs of each party based on the standard of living established during the marriage. [¶] (e) The obligations and assets, including the separate property, of each party. [¶] (f) The duration of the marriage. [¶] (g) The ability of the supported party to engage in gainful employment without unduly interfering with the interests of dependent children in the custody of the party. [¶] (h) The age and health of the parties. [¶] (i) The immediate and specific tax consequences to each party. [¶] (j) Any other factors the court determines are just and equitable."

circumstances is the marital standard of living, which establishes a basis or reference point against which the various statutory guidelines may be weighed. (§ 4320, subd. (a); *In re Marriage of Ostler & Smith, supra,* 223 Cal.App.3d at p. 48, fn. 11; *In re Marriage of Smith, supra,* 225 Cal.App.3d at p. 484.) The Legislature intended the marital standard of living to mean "reasonable needs commensurate with the parties' general station in life," achieved by the date of separation. (225 Cal.App.3d at p. 491.)[7] "The marital standard is just one factor to be weighed with all other applicable factors to reach a 'just and reasonable' result." (*Id.* at p. 490.)

■■■■ Here, the court considered the parties' unique circumstances, and weighed the various factors of section 4320 in ordering additional spousal support based on a percentage of Richard's future option income. The court found that after a lengthy marriage during which Deedee devoted herself to domestic duties, she needed substantial financial assistance to maintain the marital standard of living, which included current expenses as well as the cost of reinvestment. (§ 4320, subds. (a)(2), (b), (d), (f).) As the court noted, *the parties' standard of living based on the use of their options had permitted them to improve that standard, to save money and invest wisely, and thereby increase their wealth.* The court's order for additional support allows them to maintain the marital standard of living.

The court also considered Deedee's impaired earning ability caused by her 20-year absence from the out-of-home work force on behalf of Richard and the children, which allowed Richard to develop and maintain a lucrative career. (§ 4320, subds. (a)(2), (b).) The purpose of the order awarding additional spousal support was to provide Deedee time to adjust to the reality of having to eventually contribute to her own economic support. In fashioning an order for additional spousal support, based on compensation from the exercise of future stock options, the court properly intended to address the disparity in the parties' present financial positions. Contrary to Richard's argument, Deedee will not be receiving a portion of his separate property if he exercises a stock option. Rather, any income Richard receives upon exercising an option is properly considered for purposes of setting support.

There was ample evidence of Deedee's needs and earnings to justify an award of additional support. Deedee's income and expense statements showed she presently had monthly interest income of $1,883 and monthly expenses of approximately $6,500. She had sold stock and used savings to generate sufficient funds to pay expenses. Those figures show Deedee could not, without additional support, maintain the marital standard of living.

---

[7]This standard is best understood in its ordinary sense, that is, upper, middle or lower income, although findings should be specific enough to be helpful in later appellate or modification proceedings. (*In re Marriage of Smith, supra,* 225 Cal.App.3d at p. 491.)

The record before us reflects the court carefully weighed and considered the parties' unique circumstances before exercising its broad discretion to make its support order based on a percentage of income once the stock options were exercised, and a financial gain was realized. In setting a percentage of uncertain earnings, the court was attempting to avoid an indefinite number of future hearings at which the details of income, expenses, investment success or failure, tax consequences and fairness must be reevaluated. Generally, the use of percentages to determine support will beneficially remove the need for further litigation with its attendant costs, and oftentimes, emotional upheaval. (See, e.g., *In re Marriage of Ostler & Smith, supra,* 223 Cal.App.3d at pp. 42, 49.) Here, however, the court was not presented with the typical range of stock activity that would generate some additional income. Rather, due to the enormous increase in value of Qualcomm stock and consequently Richard's stock options, the court's percentage support order will far exceed the parties' standard of living, even considering their investment and reinvestment history, during or at the end of their marriage.

Accordingly, we reverse that part of the court's order requiring Richard to transfer to Deedee 40 percent of the beneficial ownership in any future Qualcomm stock options he exercises until April 1, 2003, stepped down to 25 percent thereafter. We remand the matter to the trial court to determine an amount of additional support that is "just and equitable" (§ 4320, subd. (*l*)), using the parties' marital standard of living as a point of reference against which the other statutory factors must be weighed. Once the court does so, a percentage support award based on Richard's exercised option income would be permissible as long as the court sets a maximum amount proportionate to its findings of the marital standard of living.

## II. *Child Support*

■ Richard contends the evidence of the children's needs was insufficient to support an award of additional child support. He asserts the court's order was a deviation from the statewide uniform guidelines for child support, requiring the court to make a finding that the award would not exceed the children's needs.

Section 4053 sets forth the criteria underlying the child support guidelines. Courts are required to adhere to these criteria which provide that a child needs support at a level commensurate with both parents' abilities and standards of living. (§ 4054, subd. (g).) ■ Unlike spousal support awards requiring consideration of the parties' standard of living during marriage, child support awards must reflect a minor child's right to be

maintained in a lifestyle and condition consonant with his or her parents' position in society after dissolution of the marriage. (*Johnson v. Superior Court* (1998) 66 Cal.App.4th 68, 71 [77 Cal.Rptr.2d 624]; see also *Estevez v. Superior Court* (1994) 22 Cal.App.4th 423, 428 [27 Cal.Rptr.2d 470].) A child's need is measured by the parents' current station in life. (*In re Marriage of Catalano* (1988) 204 Cal.App.3d 543, 551 [251 Cal.Rptr. 370].) "[T]ying needs to the standard of living enjoyed during marriage has no place in child support as opposed to spousal support determinations. Adults who separate and dissolve their marriage do so with eyes open, each choosing a separate course and appreciating the possibility that the other will go on to attain a far more comfortable standard of living. Limiting increases in spousal support to the supported spouse's living standards during marriage justifiably holds the supported spouse to those expectations. The child, on the other hand, is an innocent victim of the dissolution, with no choice in the breakup but with reason to expect that both parents will continue to provide for him or her in whatever manner they can in life. Limiting increases in child support to the living standards enjoyed before the marriage ended would defeat that expectation for no good reason." (*Ibid.*)

Indeed, the Legislature, in enacting the implementing provision for child-support guidelines, expressly provided: "Children should share in the standard of living of both parents. Child support may therefore appropriately improve the standard of living of the custodial household to improve the lives of the children." (§ 4053, subd. (f).)

Section 4055 provides a formula for determining the amount of child support based on the net disposable incomes of the parents. The court must calculate the "annual gross income" of each parent, defined as "income from whatever source derived," with certain specified exceptions not applicable here. (§ 4058; *County of Placer v. Andrade* (1997) 55 Cal.App.4th 1393, 1396 [64 Cal.Rptr.2d 739].) Richard had substantial income in addition to his salary and bonuses in the form of stock options. This additional income is part of his overall employment compensation and must be used to calculate child support. (*In re Marriage of Ostler & Smith, supra*, 223 Cal.App.3d at p. 52.)

The payment established by the guideline formula "is presumed to be the correct amount of child support to be ordered." (§ 4057, subd. (a).) This presumption is one affecting the burden of proof and may be rebutted by admissible evidence showing application of the formula would be unjust or inappropriate in the particular case under certain enumerated circumstances. (§ 4057, subd. (b).) One of those circumstances is when the supporting parent has such extraordinarily high income that the guideline amount would exceed the child's needs. (§ 4057, subd. (b)(3).)

■ Here, in addition to child support of $2,806 per month, the court awarded 15 percent of Richard's option income. The court found the amount of support required by the guideline formula, without the option income, was insufficient to meet the family's former standard of living. (§ 4056, subd. (a)(1), (2).) This finding implies Richard's option income was needed to maintain that standard of living and was therefore in the children's best interests. (§ 4056, subd. (a)(3).) However, as we previously expressed with respect to spousal support, the percentage of option income represents an extremely high dollar amount, given the enormous increase in Qualcomm stock value. Applying the guideline formula under these circumstances is inappropriate without a finding that the amount ordered would not exceed the children's needs. Thus, we reverse that part of the court's order providing for a percentage of the option income as child support while the children are minors.

On remand, the court must determine the children's needs in light of both parents' abilities and standards of living. (§ 4054, subd. (g).)[8] Given the court's broad discretion in ordering child support (see *In re Marriage of Aylesworth* (1980) 106 Cal.App.3d 869, 876 [165 Cal.Rptr. 389]), a percentage award based on the realized income from the exercise of stock options would be permissible, as long as the court sets a maximum amount that would not exceed the children's needs.

## DISPOSITION

That part of the order awarding a percentage of Richard's income from the exercise of future stock options as spousal support and child support is reversed. In all other respects, the order is affirmed. Both parties to bear their own costs on appeal.

Kremer, P. J., and Nares, J., concurred.

---

[8]We note the children are entitled to share in their father's higher standard of living, permitting an award of additional child support from the option income. Their needs will necessarily include the continued security of their financial future.