Filed 5/21/24  Marriage of Granade CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of SANDRA and TIMOTHY GRANADE. | C097511 |
| SANDRA GRANADE,<br><br>Respondent,<br><br>v.<br><br>TIMOTHY GRANADE,<br><br>Appellant. | (Super. Ct. No. PFL20190133) |

Following a trial, the family court dissolved the marriage of Timothy and Sandra Granade[1] and awarded Sandra child support, spousal support, and attorney's fees. Timothy appeals from the judgment and challenges those awards.  Because there is insufficient evidence to support the awards, we will reverse the judgment as to child support, spousal support, and attorney's fees, and remand the matter for a redetermination of those awards.

BACKGROUND

Timothy and Sandra were married in 2006 and separated in 2019.  They have a son and daughter.  Sandra filed a petition for dissolution of marriage and in April 2019, the

---

[1] We will refer to the parties by their first names for clarity.

1

family court entered an order requiring Timothy to pay $2,304 per month for child support and $1,086 per month for spousal support. In 2020, following Timothy's request for modification of the support orders, the family court reduced Timothy's monthly child support payment to $1,568 and his monthly spousal support payment to $633.

After Timothy and Sandra agreed on child custody and the division of assets and debts, the issues of child support, spousal support, attorney's fees, and the extent of Timothy's interest in his father's business were addressed in a trial. Sandra's trial brief argued that (1) Timothy had a 10 percent ownership interest in his father's company; (2) Timothy had a 25 percent ownership interest in a limited liability company; and (3) in addition to his base salary, Timothy received nontaxable monthly income of $3,500 to $4,500 from his family in the form of employer-paid personal expenses, gifts and loans. Sandra requested an order that Timothy pay her $2,254 in monthly child support and $2,500 in monthly spousal support. She also requested an award of $50,000 in attorney's fees and costs. Her income and expense declaration indicated she was employed as a waitress working 24 to 35 hours a week at $13 per hour, her average monthly income was $1,873, her monthly expenses were $6,465, and she had an additional $115,385 in installment payments and debt.

Timothy argued for $1,099 in monthly child support and $59 in monthly spousal support. He claimed he already paid $20,000 for Sandra's attorney's fees and no additional fees should be awarded. He asked the family court to sanction Sandra in the amount of $131,678. He represented he was employed as a project manager for his father's construction company working 40 hours a week at $50 per hour, his average monthly income was $8,667, his monthly expenses were $9,113, he paid $1,287 in monthly health insurance premiums, and he had an additional $162,957 in installment payments and debts.

Timothy and Sandra testified at trial and Sandra also presented testimony from an expert in forensic accounting. Based on the evidence, the family court issued a written

ruling making the following findings: Timothy's father had given Timothy a 10 percent interest in the father's business but then took the interest back. Timothy's interest in a limited liability company had no value. Sandra's gross monthly income was $2,556. She had no authorized deductions. Timothy's monthly salary was $8,667. In addition, he had $1,464 a month in nontaxable income. He made health insurance payments of $1,287 a month and deducted $1,323 in interest expense.

Based on those findings, the family court ordered Timothy to pay Sandra $1,471 a month in child support. And after considering the Family Code section 4320[2] factors upon which evidence was presented, the family court ordered Timothy to pay Sandra $1,500 a month in spousal support. The family court did not impose sanctions, finding that the parties' conduct in the litigation had been reasonable. It ordered Timothy to pay $15,000 in attorney's fees to Sandra's attorney.

Timothy requested a statement of decision, and if the family court ruling was a statement of decision, he objected to the statement of decision. Timothy also moved for a new trial. Sandra opposed and requested an additional $15,000 in attorney's fees. The family court denied the motion for a new trial and the request for further attorney's fees and entered judgment.

DISCUSSION

I

Timothy contends the family court abused its discretion in calculating the amount of child support because there was no factual basis for a finding that Timothy had $1,464 in monthly nontaxable income from employer-paid automobile expenses.

We review a child support award for abuse of discretion. (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282-283 (*Cheriton*); *County of San Diego v. P.B.*

---

[2] Undesignated statutory references are to the Family Code.

3

(2020) 55 Cal.App.5th 1058, 1072-1073.) We will reverse the judgment only if it exceeds the bounds of reason and a judge could not reasonably have reached the decision under applicable law. (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) The family court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for substantial evidence. (*Ibid.*; *In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 230.) Appellant bears the burden of establishing an abuse of discretion. (*Rothrock,* at p. 230.)

A family court must adhere to the statewide uniform guideline in calculating child support. (§ 4052.) Guideline support is calculated using the formula in section 4055, which takes into account the parents' net disposable income. (§ 4055, subd. (b); *In re Marriage of Macilwaine* (2018) 26 Cal.App.5th 514, 528-529.) Net disposable income is determined based on annual gross income, defined as "income from whatever source derived" including not only wages but also, in the discretion of the family court, employee benefits, "taking into consideration the benefit to the employee, any corresponding reduction in living expenses, and other relevant facts." (§ 4058, see § 4059.) " '[T]he purpose of the [guideline] calculation is to determine how much money a parent has available for the support of the minor children.' " (*Macilwaine,* at p. 529, italics omitted.) Consequently, for purposes of calculating annual gross income, income is not limited to money compensation received or income taxable under the federal tax laws. (*Ibid*.) Income may include employer-furnished, non-cash benefits. (*In re Marriage of Schulze* (1997) 60 Cal.App.4th 519, 528-529 (*Schulze*).)

In *Schulze*, the husband worked for his parents' company. (*Schulze, supra,* 60 Cal.App.4th at pp. 522-523.) After his separation from the wife, the husband paid less than fair rental value for a condominium owned by his parents and drove a Mercedes company car. (*Id.* at p. 523.) The family court imputed income to the husband based on the employer-furnished $600 monthly rental subsidy and $500 value for his use of the company car in calculating child support. (*Ibid*.) The appellate court held that the $500

4

fair rental value for the company car was an employee benefit reducing the husband's living expenses and was properly included in the calculation of the husband's monthly income. (*Id*. at p. 528.) With regard to the rental subsidy, the appellate court held that free rent provided by an employer could be compensation and substantial evidence supported the family court's finding that the rent reduction the husband received was compensation for his services to his parents' company and not a gift because the husband's salary dropped substantially in the year of separation even though the parents' company increased its sales. (*Id.* at pp. 523, 529.)

Timothy testified that he worked as a project manager for his father's construction company. He had a company credit card and drove a company truck. His employer paid the charges he made to the company credit card. The forensic accounting expert prepared trial exhibit 23B to show Timothy's income based on Timothy's W-2s, bank statements, and company credit card statements. Schedule B of the exhibit listed what the expert considered personal expenses charged to Timothy's company credit card during the period January 9, 2018 to October 1, 2021.

With regard to automobile-related expenses, Timothy testified he used his company truck for personal purposes, he sometimes used his company credit card to pay for gas on weekends, and there was no way for him to delineate between gas in the company truck that was used for business versus personal purposes. Sandra also testified that Timothy drove his company truck for personal purposes. She said Timothy used his company credit to pay for gas for his vehicle and sometimes for her personal vehicle. The expert opined that one-third of the automobile-related credit card charges (column P of schedule B) was the expert's estimated value for Timothy's personal use of his company truck. The expert testified that in his experience employees who must drive a company vehicle extensively will also use the vehicle for personal purposes, and the expert's general practice was to attribute half of that use to personal use; but in this case, the expert attributed only one-third of the automobile-related charges to personal use

5

because Timothy drove a lot for his job. One-third of the automobile-related charges totaled $2,590.30.

With regard to non-automobile-related credit card charges, schedule B showed charges to Timothy's company credit card for expenditures including "Prime Video," "Kids School," "Kids Activities," "Atty Fees" and "Other." There were charges on Timothy's company credit card for "Lions Softball" in 2018 and 2019. Timothy's daughter played softball. The "Other" category in schedule B included payments to City of Sacramento utilities, a dentist, and "Rocky Mountain ATV – UT," all of which the family court impliedly found constituted personal expenditures. There were also charges in 2020 and 2021 for payments to Timothy's family law attorney. Schedule A of exhibit 23B showed that whereas Timothy's monthly salary increased only modestly from 2018 (the year before separation) to 2021, the amount of monthly charges to his company credit card for personal expenses increased by over 60 percent in the same period. The last page of schedule B showed that for the first 10 months of 2021, non-automobile-related charges on Timothy's company credit card totaled $12,044.48.

The family court accepted the forensic accounting expert's opinion that one-third of the amount charged to Timothy's company credit card for automobile-related expenses was for personal expenditures. The family court did not abuse its discretion in making that determination. Based on the evidence presented, the family court could reasonably conclude that employer-paid personal expenses constituted income to Timothy for purposes of calculating child support, and substantial evidence supports the family court's ruling that Timothy received such income. (*Schulze, supra*, 60 Cal.App.4th at pp. 528-529; see *Stewart v. Gomez* (1996) 47 Cal.App.4th 1748, 1755-1756 [holding that reimbursement of meal expenses during vocational training program was an employee benefit which the family court properly treated as income].)

But the family court also found that the amount of such nontaxable income totaled $1,464 a month. The $1,464 amount is not supported by sufficient evidence. The ruling

6

on submitted matter states: "The expert witness took 1/3rd of the automobile expenses paid . . . as being [Timothy's] personal amount. The court finds this to be an appropriate calculation. This amounts to $14,635 for the first 10 months in 2021 or $1,464 per month in Other Nontaxable Income."[3] Based on the family court's explanation at the August 11, 2022 hearing, it appears it intended to impute one-third of the automobile and non-automobile charges for the first 10 months of 2021 as Timothy's nontaxable income. Schedule B shows, however, that $14,635 is not one-third of the automobile and non-automobile card charges for the first 10 months of 2021. Rather, $14,635 is the full amount of the non-automobile charges plus one-third of the automobile charges. Based on what we understand the family court intended, Timothy's monthly nontaxable income should be $660.51, which is one-third of the non-automobile-related credit card charges ($4,014.83) plus one-third of the automobile-related credit card charges ($2,590.30), divided by 10.

Sandra argues the nontaxable income the family court imputed to Timothy could also have been based on gifts to Timothy and unknown deposits made by him. A family court has discretion to deem recurring monetary gifts from family to be income for purposes of calculating child support. (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 737.) The forensic accounting expert included gifts and unknown deposits in his calculation of Timothy's income. And at trial, Sandra argued that loans and gifts to Timothy from his family constituted income. But the family court rejected Sandra's claim. The written ruling does not mention gifts, loans, or unknown deposits. And the

---

[3] The family court rounded up the total amount in column Q of exhibit 23B to $14,635 and rounded up the monthly amount to $1,464, and attributed those sums to the first 10 months of 2021, instead of the first nine and a half months of 2021, as stated in exhibit 23B.

family court's explanation of the written ruling does not indicate that it intended to include such items in calculating Timothy's income.

Timothy asserts in his appellate reply brief that it was error for the family court to deem the imputed income as nontaxable. We do not consider the argument because he did not assert it in his appellate opening brief. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.)

II

Timothy next challenges the award of spousal support on various grounds. We address each in turn.

A

According to Timothy, the spousal support award must be reversed because the family court did not issue a statement of decision. We disagree.

A statement of decision is required only upon a timely request by a party appearing at the trial. (§ 2338, subd. (a); Code Civ. Proc., § 632; *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 61 (*Gorman*); *In re Marriage of Katz* (1991) 234 Cal.App.3d 1711, 1718.) When the trial is concluded within one calendar day or in less than eight hours over more than one day, a request for a statement of decision must be made prior to the submission of the matter for decision. (Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590(d), (n).) A cause is deemed submitted on the date (1) the trial court orders the matter submitted, or (2) the final paper is required to be filed or argument is heard, whichever is later. (Cal. Rules of Court, rule 2.900(a); see *Social Service Union v. County of Monterey* (1989) 208 Cal.App.3d 676, 680.)

For purposes of calculating trial time, we look at the time the family court was in session, including ordinary morning and afternoon recesses but not lunch breaks and time the judge spent off the bench without the parties present. (*Gorman, supra*, 178 Cal.App.4th at p. 63; *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 980.) The trial here commenced at 9:05 a.m. on November 2, 2021. The court recessed for

lunch at 12:03 p.m. and reconvened at 1:31 p.m.  The trial transcript does not state the time when proceedings ended, but the family court stated it intended to end at 4:30 p.m.  Trial resumed the next day at 1:26 p.m.  Timothy's counsel submitted at the end of his closing argument.  After Sandra's counsel presented her statement in rebuttal, the family court said no request for a statement of decision had been made.  Timothy did not disagree and did not request a statement of decision at that time specifying the controverted issues he would like a statement of decision to address.  Proceedings concluded at 2:19 p.m.  No further papers were filed before the family court issued its written ruling two days later.

On this record, trial was completed in less than eight hours over more than one day and any request for a statement of decision should have been made before the matter was submitted, but no such request was made.  (Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590(d), (n).)  Timothy did not file a request for statement of decision until 12 days after the conclusion of trial and after the family court had issued its written ruling.  His request was untimely and a statement of decision was not required.  (Code Civ. Proc., § 632; Cal. Rules of Court, rule 3.1590(n); *Cima-Sorci v. Sorci* (2017) 17 Cal.App.5th 875, 891.)

Timothy urges that "time in trial before formally going on the record" should be included in calculating the time of trial, but he does not cite the portion of the record supporting such additional trial time.  We do not consider assertions made without citation to the record.  (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743.)

B

In addition, Timothy argues the award of spousal support must be reversed because the family court did not discuss the section 4320 circumstances supporting the $1,500 monthly support amount.

Section 4320 lists factors a family court must consider in ordering spousal support, including (1) the ability of the supporting party to pay spousal support; (2) the needs of

9

each party based on the standard of living established during the marriage; (3) the obligations and assets of each party; and (4) any other factors the court determines are just and equitable. The family court must apply each section 4320 factor relevant to the circumstances of the case in setting spousal support. (*Cheriton, supra*, 92 Cal.App.4th at p. 304.) The family court has broad discretion weighing those factors, "with the goal of accomplishing substantial justice for the parties in the case before it." (*In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 93 (*Kerr*); accord *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480-482 (*Smith*).) Once the family court considers the statutory factors, the ultimate decision as to amount and duration of spousal support rests within its broad discretion and will not be reversed on appeal absent an abuse of that discretion. (*Kerr,* at p. 93; *Smith*, at pp. 480, 493-494.)

Timothy's and Sandra's trial briefs addressed each of the section 4320 circumstances. The family court expressly stated that it considered the section 4320 circumstances upon which evidence had been presented in making the award of spousal support. Although a family court must consider and weigh relevant section 4320 circumstances, nothing requires it to "expressly identify each factor and set forth in writing or on the record how it weighed each of them." (*In re Marriage of Diamond* (2021) 72 Cal.App.5th 595, 602 (*Diamond*); see § 4320; *Cheriton, supra*, 92 Cal.App.4th at p. 302.)[4]

Nevertheless, Timothy reiterates that the spousal support award is based on an incorrect amount for Timothy's nontaxable income. Because the amount of Timothy's income affects the weighing of relevant section 4320 circumstances and, as we have

---

[4] Although the family court was not required to state how it weighed the section 4320 factors, it may be better practice to do so for the reasons explained in *Diamond, supra*, 72 Cal.App.5th at pp. 603-604. The family court should make findings regarding the marital standard of living. (§ 4332; see *Smith, supra*, 225 Cal.App.3d at pp. 475, 484; *Kerr, supra*, 77 Cal.App.4th at p. 94, fn. 7.)

10

explained, insufficient evidence supports the family court's finding that Timothy had nontaxable income of $1,464 per month, we will remand for the family court to reweigh the relevant section 4320 circumstances for purposes of calculating spousal support. Because we are remanding for a redetermination of the amount of spousal support, we do not address Timothy's assertion that he cannot afford to pay spousal support in the amount of $1,500 a month.

III

Timothy further argues the family court's use of the incorrect $1,464 amount for nontaxable monthly income requires redetermination of the attorney's fee award. We agree.

In a proceeding for dissolution of marriage, a family court has discretion to award attorney's fees "where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a); see § 2030, subd. (a)(1).) "In determining what is just and reasonable under the relative circumstances, the [trial] court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320." (§ 2032, subd. (b); see *In re Marriage of Fransen* (1983) 142 Cal.App.3d 419, 422, 426 [reciting other factors a court may consider in ruling on a need-based request for attorney's fees].) Thus, a family court should consider the recipient's relative need for the payment of attorney's fees and the payor's ability to pay. (*Cheriton, supra*, 96 Cal.App.4th at p. 318, *In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 280; see *In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662-663; *In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1167.) Sections 2030 and 2032 require an analysis of the totality of the circumstances and not just the payor's income. (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 258.) Consideration should be given to the payor's expenses

11

and need to pay his or her own attorney's fees and whether attorney's fees incurred were reasonably necessary. (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 343-345, 356-357; *Alan S.,* at pp. 252-253; *In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 867-871.)

Remand is necessary because Timothy's income is relevant to the family court's determination of Timothy's ability to pay. On remand, the family court must reconsider Sandra's request for attorney's fees in light of its finding as to Timothy's income, weighed against all other relevant circumstances. Despite Timothy's invitation to do so, we decline to decide his ability to pay and whether there is a disparity in access to funds. On remand, the family court must comply with section 2030, subdivision (a)(2).

DISPOSITION

The judgment as to child support, spousal support, and attorney's fees is reversed. The matter is remanded to the family court for a redetermination of those amounts consistent with this opinion. The judgment is affirmed in all other respects. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

 

 

 

/S/
MAURO, Acting P. J.

 

We concur:

 

 

/S/
MESIWALA, J.

 

 

/S/
FEINBERG, J.

12