No. A070817. First Dist., Div. Two. June 25, 1996.]

In re the Marriage of ROBERTA W. and WALTER E. OUSTERMAN, JR.
WALTER E. OUSTERMAN, JR., Appellant, v.
ROBERTA W. OUSTERMAN, Respondent.

**COUNSEL**

John E. Manoogian and Bryce C. Anderson for Appellant.

Diana Richmond and M. Dee Samuels for Respondent.

**OPINION**

**KLINE, P. J.**—The question presented by this appeal is whether, under the circumstances of this case, the trial court has jurisdiction to entertain a motion to modify spousal support brought after the last date the original order required support to be paid. We conclude the trial court does have jurisdiction to proceed.

### STATEMENT OF THE CASE AND FACTS

The 25-year marriage of Roberta and Walter Ousterman, Jr., was dissolved on December 18, 1978, at which time respondent wife was awarded $3,500 per month as spousal support. Respondent unsuccessfully sought a modification of spousal support in 1980. Another motion for modification in 1985 resulted in a stipulated order filed on February 21, 1986. This order provides for monthly support payments of $5,250, "*commencing February 1, 1986, . . . and continuing until either party's death, [respondent's] remarriage, or January 31, 1995, whichever first occurs.*" After provisions regarding cost of living adjustments to the support payments, a loan from appellant to respondent to be repaid out of the support payments, and maintenance of insurance on appellant's life with respondent as the beneficiary, the order provided in paragraph 6: "*The spousal support payments provided for hereinabove and the requirements of paragraphs 1 through 5 shall not be modifiable on any ground by [respondent] on or before January 31, 1995, by any*

*means, including court order, except by the written agreement of both parties. Said spousal support payments shall be subject to subsequent downward modification or revocation by [appellant] on or before January 31, 1995 by court order only upon [appellant's] voluntary or involuntary retirement or upon [appellant's] voluntary or involuntary termination of employment by Kaiser Cement Corporation."*

On February 21, 1995, after receiving a letter dated Feburary 1, 1995, in which appellant indicated he considered his spousal support obligation terminated, respondent filed a motion for modification of spousal support seeking support of $7,000 per month. Appellant contended the trial court's jurisdiction to award spousal support terminated on January 31, 1995, and discovery was stayed pending resolution of this jurisdictional question. After a hearing on May 2, 1995, the trial court concluded it had jurisidiction under Family Code section 4336 because there was no written agreement of the parties providing for termination of spousal support. On July 7, 1995, the court issued a certificate of probable cause for immediate appellate review of the jurisdictional issue.

### DISCUSSION

Family Code section 4336[1] provides in pertinent part: "(a) Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage or for legal separation of the parties where the marriage is of long duration." This statute applies to proceedings "filed on or after January 1, 1988" and to proceedings "pending on January 1, 1988, in which the court has not entered a permanent spousal support order or in which the court order is subject to modification." (§ 4336, subd. (d)(2).)

Section 4336 continues without substantive change former Civil Code section 4801, subdivision (d), as amended in 1987. (Stats. 1987, ch. 1086, § 2, p. 3678.) Prior to January 1, 1988, the effective date of the 1987 amendments, Civil Code section 4801, subdivision (d), provided, "An order for spousal support terminates at the end of the period provided in the order and shall not be extended unless the court in its original order retains jurisdiction." (Stats. 1985, ch. 1358, § 3, p. 4822.) This was the version of the statute in effect at the time the 1986 spousal support order was entered in the present case.

The support order in this case does not contain language expressly terminating support at a stated time but rather provides for a period of support and

---

[1]All statutory references are to the Family Code unless otherwise specified.

prohibits respondent from modifying its terms "on or before" the end of that period. Appellant concedes that under current law the trial court would have jurisdiction to extend spousal support because the spousal support order does not expressly terminate jurisdiction. He contends, however, that jurisdiction cannot be found under section 4336 because retroactive application of this statute is not authorized by its terms and would unconstitutionally impair his contract rights under the 1986 stipulated order. According to appellant, by providing for payments until January 31, 1995, without expressly retaining the court' jurisdiction over support, under the law in effect at the time it was entered, the support order terminated on January 31, 1995, and could not be extended after that date.

As noted above, section 4336 applies to cases "pending on January 1, 1988, in which the court has not entered a permanent spousal support order *or in which the court order is subject to modification.*" (Italics added.) A spousal support order may be modified or terminated unless a written agreement or oral agreement entered into in open court between the parties prohibits modification or termination. (§ 3651, subds. (a), (d).[2]) Appellant takes the view that the support order in this case was not modifiable within the meaning of section 4336 because the order prohibits respondent from obtaining a modification of its terms. What the order states, however, is that its provisions "shall not be modifiable on any ground by [respondent] *on or before January 31, 1995,* by any means, including court order, except by the written agreement of both parties." The inclusion of the date in this provision must be given significance. Had the parties intended to preclude any possibility of modification either before, on or after January 31, 1995, they could have said so by simply stating the agreeement was nonmodifiable. By providing for nonmodifiability *until a certain date,* the order appears to allow the possibility of modification *after* the specified date.[3] (See *In re Marriage of Brown* (1995) 35 Cal.App.4th 785, 787 [41 Cal.Rptr.2d 506] [provision in support order that after payment of the required 60th monthly installment of support " '[husband's] obligation to pay spousal support to [wife] shall terminate forever and no Court shall have any jurisdiction to extend the within award of spousal support either as to amount or duration after said date' " interpreted as necessarily acknowledging jurisdiction was retained *before* expiration of the specified period to modify support to extend beyond the period].)

In *In re Marriage of Jones* (1990) 222 Cal.App.3d 505 [271 Cal.Rptr. 761], the parties' agreement set out a schedule of declining amounts of

[2]At the time the parties' spousal support order was entered, Civil Code section 4811, subdivision (b), similarly provided for continuing jurisdiction to modify a spousal support order absent a contrary written agreement or oral agreement entered in open court.

[3]Additionally, as respondent points out, the order was expressly modifiable by appellant under certain circumstances. That appellant chose not to exercise his right to seek modification upon his retirement does not render the order itself nonmodifiable.

support to be paid through specified dates ending on October 1, 1989, then stated that all payments would terminate " 'on the death of either party, the remarriage of the recipient, or October 1, 1989.' " (*Id.* at p. 508.) The agreement did not expressly contemplate or preclude modification. Although an intent to forbid modification might have been inferred from comparison of the absence of reference to modification in the spousal support section of the agreement with a reference in the child support section of the agreement to the " 'power of the court to modify,' " the court concluded that under former Civil Code section 4811 an agreement could be found nonmodifiable only if there was a specific expression of an intent to prevent modification. (222 Cal.App.3d at pp. 509-511.) Similarly, in the present case, while the absence of specific reference to modification after January 31, 1995, leaves the order somewhat ambiguous, the lack of a specifically demonstrated intention to preclude modification requires a finding that the agreement was in fact modifiable after the specified date. It follows that the trial court properly found jurisdiction under section 4336.[4]

In any event, we cannot agree with appellant's conclusion that the trial court would have been without jurisdiction if the support order was interpreted under former Civil Code section 4801, subdivision (b). While that statute stated that spousal support would terminate at the end of the period specified in the order unless the order retained jurisdiction, case law made clear that the retention of jurisdiction did not have to be express; on the contrary, as long as a retention of jurisdiction could reasonably be implied, a support order would be interpreted as retaining jurisdiction. (*In re Marriage of Vomacka* (1984) 36 Cal.3d 459, 467 [204 Cal.Rptr. 568, 683 P.2d 248].) A termination of spousal support would be found only where there was " 'explicit language' " of termination. (*Id.* at p. 465; *In re Marriage of Zlatnik* (1988) 197 Cal.App.3d 1284, 1290, fn. 7 [243 Cal.Rptr. 454].)

In *In re Marriage of Vomacka, supra,* the support agreement provided for payment of a specified monthly sum " 'until further order from the Court, the death of either party, the remarriage of [wife], or August 1, 1982, whichever first occurs. The Court shall retain jurisdiction regarding spousal support until September 1, 1984, at which time [wife's] right to request spousal support from [husband] shall terminate forever.' " (36 Cal.3d at pp. 461-462, italics omitted.) Before September 1, 1984, the wife sought and obtained a modification extending support beyond that date. The court rejected the

---

[4] Appellant's contention that retroactive application of section 4336 unconstitutionally impairs his contract rights under the stipulated support agreement is based on his interpretation of the agreement as providing for absolute termination of support no later than January 31, 1995. Given our interpretation of the agreement as allowing modification *after* January 31, 1995, appellant's argument necessarily fails.

husband's argument that jurisdiction over support ended on the date specified in the original agreement, finding that the court had jurisdiction *until* that date to modify the award, including to extend the duration of support. *Vomacka* found that although the agreement did not expressly retain jurisdiction to extend support beyond the termination date specified, it allowed for future modification by permitting the wife to request support until September 1, 1984, and by providing for support to continue " 'until further order from the Court.' " (36 Cal.3d at p. 470.)

*Vomacka* discussed several policy reasons for its conclusion that a support order should be interpreted to retain jurisdiction where retention of jurisdiction can reasonably be implied. First, especially in the case of marriages of long duration, orders providing for absolute termination of spousal support on a specified date are disfavored unless the record clearly indicates the supported spouse will be able to adequately meet his or her financial needs at the time specified for termination. (36 Cal.3d at p. 467.) Second, "where there is an ambiguity in the language of a marital property agreement it must be decided in favor of the right to spousal support." (*Id.* at p. 469.) Finally, "language in a spousal support order suggesting that modification of its terms will be permitted is routinely interpreted as a retention of the court's fundamental jurisdiction to modify and, upon a proper factual showing, to extend the spousal support provisions contained therein." (*Id.* at p. 470.)

These policies militate in favor of finding a retention of jurisdiction in the present case. Undisputedly, this was a marriage of long duration. We have already determined that the language of the order can and should be interpreted as allowing modification *after* January 31, 1995, and this provision for modification necessarily implies a retention of jurisdiction. *Vomacka* was extant at the time the 1986 support agreement was drafted and appellant's attorney was thus aware, or should have been, that retention of jurisdiction to extend support did not have to be expressly stated as long as it could be reasonably found in the language of a support order.[5] Thus, for example, in *In re Marriage of Benson* (1985) 171 Cal.App.3d 907 [217 Cal.Rptr. 589], the wife obtained an extension of support beyond the eight year period originally specified in the parties' support agreement even though the original agreement did not expressly retain jurisdiction. There, the agreement provided for a monthly amount to be paid until the death of either party, the wife's remarriage, " 'until modified by a court of competent jurisdiction,' " or until the expiration of eight years. The court viewed its decision that support could be extended as compelled by *Vomacka* and

---

[5]Since the support agreement was drafted by appellant's attorney, ambiguity in it should be construed against appellant. (Civ. Code, § 1654.)

supported by policy considerations.[6] (*In re Marriage of Benson, supra,* 171 Cal.App.3d at p. 914.) As described more recently, *Vomacka* and its progeny "reached the conclusion that, to be effective, language in a marital agreement intended to preclude jurisdiction to extend support had to be stated rather explicitly. Implications drawn from the agreement suggesting possible intention to reserve jurisdiction would be favored." (*In re Marriage of Jones, supra,* 222 Cal.App.3d at p. 512.)

Appellant construes *Vomacka* as establishing the limiting rule that requests for extensions of support beyond the date specified in the original agreement must always be made before that date. Indeed, where a support order contains a termination date, the court loses jurisdiction on that date and cannot afterwards award further support. (36 Cal.3d at p. 474; *In re Marriage of Katz* (1988) 201 Cal.App.3d 1029, 1035 [247 Cal.Rptr. 562] [where spousal support agreement contained provision that support obligation would " 'fully and finally terminate automatically' " on specified date, court lacked jurisdiction to award further support on motion brought after specified date]; *In re Marriage of Segel* (1986) 177 Cal.App.3d 1030 [223 Cal.Rptr. 430] [agreement provided for an expressly nonmodifiable total amount of spousal support, payable over a period of five years; court without jurisdiction to reinstate support on motion brought after support obligation fully satisfied];[7] *Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 710 [63 Cal.Rptr. 439] [where spousal support was to continue for 11 months " 'at which time alimony shall terminate,' " court without jurisdiction to order support on

---

[6]*Benson* explained the policies supporting extension of support: "While compelled by *Vomacka,* our conclusion is grounded in sound public policy as well: It is wholly unrealistic to expect 'the parties to a marital settlement agreement [to] anticipate and provide for unexpected changes of circumstances which may invalidate the expectations reflected in the agreement.' (*In re Marriage of Hufford* [(1984)] 152 Cal.App.3d 825, 829 [199 Cal.Rptr. 726].) Flexibility in the administration of judgments which will affect the lives of the parties far into the future, especially after very lengthy marriages, is to be encouraged; in few other fields do the equities scream quite so loudly as they do in family law. Moreover, the state's own interests are involved: The elderly and infirm and those otherwise unable to support themselves should not become burdens on society where it is just and proper for former spouses to provide support." (*In re Marriage of Benson, supra,* 171 Cal.App.3d at p. 913.)

[7]The trial court found *In re Marriage of Segel, supra,* to be the case closest on its facts to the present one, and specifically distinguished *Segel* in its order finding jurisdiction. The support agreement in *Segel* was similar to the one in this case in that it provided for payment of support until the death or remarriage of the wife or expiration of five years, whichever occurred first. In *Segel,* however, the parties had agreed to a lump sum of support, to be paid in installments over the five years, and the record contained a discussion in the trial court which made clear that both parties considered the support obligation to be nonmodifiable except for termination by death, remarriage or complete performance. (177 Cal.App.3d at p. 1032, fn. 1.) The existence of this evidence that the parties intended termination of support after the five-year period was significant to the *Segel* court's determination that there was no jurisdiction to entertain a motion for support brought after expiration of the period. (*Id.* at p. 1040, 1032, fn. 1.) The present case does not similarly involve clear language of termination.

motion brought after expiration of specified period].) In the present case, however, the spousal support agreement does not contain a clear termination date. Although it provides for payments to be made until a specified date, it nowhere states that no support may be ordered after that date. Rather, as discussed above, by stating that no modification of its terms could be sought by respondent "on or before January 31, 1995," the order implies that modification *could* be sought after that date. Unlike the orders in *Vomacka*, *Segel*, or *Maben*, the order in the present case prohibited modification *before* the date specified in the order but allowed modification *after* that date.[8]

In sum, the trial court properly determined it had jurisdiction to entertain respondent's request for modification of spousal support under section 4336, but its determination that it retained jurisdiction would have been proper even under the law as it existed at the time the support agreement was reached.

The judgment is affirmed and the matter remanded to the trial court for further proceedings.

Lambden, J., and Hitchens, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied October 2, 1996. Chin, J., did not participate therein.

---

[8]Appellant attempts to interpret the prohibition against modification "on or before January 31, 1995" not as a retention of jurisdiction but as a "recognition" that if respondent brought "a timely motion to extend support" she could not modify the payments due between February 1, 1986, and January 31, 1995. The premise of this argument—that respondent could have sought extension of the duration of support by moving before expiration of the specified period—is faulty. Paragraph 6 of the support order provides: "The spousal support payments provided for hereinabove and the requirements of paragraphs 1 through 5 shall not be modifiable on any ground by [respondent] on or before January 31, 1995, by any means, including court order, except by the written agreement of both parties." Since extension of the period of support would have entailed a modification of the requirements of paragraph 1 of the order (providing for payments until either party's death, respondent's remarriage, or January 31, 1995), paragraph 6 necessarily precluded respondent from seeking extension of support during the specified period.

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.