Filed 3/25/15 Marriage of Cereghino CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of ELIZABETH A. CEREGHINO and BRIAN J. CEREGHINO. | |
| ELIZABETH A. CEREGHINO, Appellant, v. BRIAN J. CEREGHINO, Respondent. | A139268 (Contra Costa County Super. Ct. No. MSD09-05998) |

In 2010, based on the Marital Settlement Agreement (MSA) between Brian J. Cereghino (Brian) and Elizabeth A. Cereghino (Elizabeth), the trial court ordered Brian and Elizabeth to share custody of their two children and ordered Brian to pay Elizabeth $11,000 per month in child support.  Two years later, Elizabeth filed a motion to raise the amount of child support based on Brian's higher income.  The court rejected Elizabeth's request and found Brian's increased earnings did not constitute a material change of circumstances.

Elizabeth appeals and contends the child support ordered in 2010 was less than the guideline amount and, under Family Code section 4065, subdivision (d),[1] she did not have to show a change of circumstances.  Alternatively, she maintains Brian's income was much higher than the amount he reported in 2010 and therefore she demonstrated a

---

[1]  All further unspecified code sections refer to the Family Code.

change of circumstances. She also claims the trial court failed to make findings required by the Family Code and committed prejudicial procedural errors. We are not persuaded by Elizabeth's arguments and affirm.

## BACKGROUND

Elizabeth and Brian married on August 1, 1998, and separated on September 18, 2009. They have two minor sons born in 2000 and 2002.

Elizabeth and Brian entered into an MSA in December 2009, and executed a further agreement in April 2010, where they waived final Declarations of Disclosure. On July 23, 2010, the trial court entered a judgment of dissolution of the parties' marriage, which incorporated these two agreements. The judgment provided for joint and equal physical custody of the children.

The 2010 judgment stated that Elizabeth's monthly income was $900 and Brian's was $42,000. The order provided that Brian would pay Elizabeth child support in the amount of $11,000 per month for Elizabeth's 50 percent custodial timeshare. The Judicial Council form attached to the judgment did not indicate that this was a "non-guideline order." Brian also agreed to pay Elizabeth $3 million ($1 million in securities and payments of $200,000 each year for 10 years). The judgment indicated that Elizabeth was receiving real property unencumbered with any debt worth $910,000, a life insurance policy, and joint use of a vacation timeshare. Elizabeth waived spousal support.

On October 15, 2012, Elizabeth filed a motion to modify child support.[2] Elizabeth maintained that she had relied on Brian's representations that his monthly income was $35,000 per month[3] when she negotiated the MSA, but she later learned that his gross monthly income in 2009 was actually $262,995, and his current monthly income was $302,979. She declared that she would not have agreed to $11,000 per

[2] Earlier, on February 29, 2012, Elizabeth filed a motion to set aside the judgment. This litigation is ongoing.

[3] The 2010 judgment stated that Brian's income was $42,000, but Elizabeth declared she relied on Brian's representation to her that he earned $35,000 a month.

2

month in child support had she known about Brian's higher income. She requested guideline child support in the amount of $27,665 per month and an additional award of *Ostler/Smith* child support.[4]

On May 28, 2013, the trial court held a hearing on Elizabeth's request to modify the child support. Elizabeth's trial counsel argued that Brian should have paid $32,000 a month in child support based on his income and that the income he filed in his Income and Expense Declarations had not been accurate. Elizabeth's attorney stressed: "The original child support was not guideline. There was no statement in the [MSA] or the judgment that it was below guideline as required. The original child support was based upon a fraudulent tax return that only showed the same $35,000 and then another $800,000. More than $2,500,000 less than his actual income in that year." Counsel added, "And that is the change of circumstances that they don't want to acknowledge . . . ."

Brian's counsel admitted that Brian's current income exceeded $3 million gross. He told the court that the 2008 joint tax return, signed by both parties and filed prior to the signing of the MSA, showed income of $2.68 million and therefore there was no change of circumstances.

Brian's attorney insisted that Elizabeth did not spend $11,000 a month on the children, especially since the children were spending one-half their time with Brian. In addition to the $11,000, Brian was paying 100 percent of the children's college and medical expenses and the costs for all of their activities.

The trial court found that Elizabeth knew Brian "was making a couple of million dollars per year in income" based on the "joint tax returns signed by both under penalty of perjury." Since Elizabeth was aware of Brian's real income, the court concluded there was no change of circumstances. The court added: "[B]ecause it seems like there is pretty compelling evidence that while this was non-guideline child support that was

---

[4] See *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33, 52 (court may award percentage of parent's bonuses or income in addition to parent's salary as part of child support).

3

agreed upon, it was clearly a support amount that was more than enough to meet the needs of the children at the time that this was entered."

Counsel for Elizabeth interjected that, even if the court were looking at the tax returns rather than the Income and Expense Declaration, the income disclosed on the 2008 tax return was about $2.6 million. Counsel argued that this sum was significantly less than the current income of $3.3 million and constituted a substantial change of circumstances.

The trial court agreed the difference between $2.6 and $3.3 million was "noteworthy," but disagreed that it was a material change of circumstances "when the amount that was agreed upon was clearly sufficient to meet the needs of the children, and [the court had] yet to see that the current amount is insufficient to meet the needs of the children at this time." Counsel answered that the children's lifestyle with their father differed from their lifestyle with their mother.

At the conclusion of the hearing, the court found that Elizabeth had not prevailed on showing that there was a material change of circumstances justifying a modification of the MSA. The court noted, "No one disputes that the amount that was $11,000 for both kids was an amount that the parties basically agreed upon and was not—it was not guideline support at the time that they made this agreement." The court again reiterated that the evidence established that both parties were aware of Brian's high earnings at the time of the MSA. The court concluded: "Given that the moving party in this matter did not present compelling evidence that this amount is truly not enough to meet the basic needs of the children, I do believe that this amount of 11,000 that was reached in a [MSA] of 2009 is consistent with the best interest of the children at this point."

Counsel for the parties could not agree on the language of the order; both submitted a proposed order. On August 7, 2013, the trial court filed the order provided by Elizabeth's counsel.[5] The order stated that Elizabeth had not shown a material change

---

[5] The order proposed by Brian's counsel included the following: "Pursuant to . . . section 4065[, subdivision] (a), the [g]uideline [a]mount of [c]hild [s]upport [Brian] would pay [Elizabeth] is $24,701/month . . . . The court has ordered a [non-guideline

4

of circumstances justifying a modification of the 2009 MSA.  The court also found that the child support in the MSA was not the guideline amount at the time the parents made the agreement.  Additionally, the court ruled that Elizabeth had not presented compelling evidence that the current amount of child support failed to meet the basic needs of the children and therefore the current amount was consistent with the best interests of the children.

Elizabeth filed a timely notice of appeal.[6]

## DISCUSSION

### I. *Standard of Review*

" '[A] determination regarding a request for modification of a child support order will be affirmed unless the trial court abused its discretion, and it will be reversed only if prejudicial error is found from examining the record below.'  [Citations.]  Thus, '[t]he ultimate determination of whether the individual facts of the case warrant modification of support is within the discretion of the trial court.  [Citation.]  The reviewing court will resolve any conflicts in the evidence in favor of the trial court's determination.' "  (*In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1233-1234 (*Williams*).)

"However, . . . 'the trial court has "a duty to exercise an informed and considered discretion with respect to the [parent's child] support obligation. . . ." [Citation.]  Furthermore, "in reviewing child support orders we must also recognize that

amount] because [Brian] is a high wage earner.  The [non-guideline amount] is consistent with the best interests of the children because the parties agreed this amount was sufficient to meet the children's needs when they signed the [MSA] and there was no compelling evidence that this [non-guideline amount] does not currently meet the children's needs."

Elizabeth's attorney objected to the reference to section 4065, subdivision (a), asserting that this provision applied when the court was ordering child support, not when it was denying a request to modify child support.  Elizabeth's counsel also argued that the record contained no evidence that the $11,000 in child support met the children's needs.

[6] Elizabeth filed a premature notice of appeal on July 19, 2013.  We treat this notice of appeal as being filed immediately after entry of judgment.  (See Cal. Rules of Court, rule 8.104(d).)

5

determination of a child support obligation is a highly regulated area of the law, and the only discretion a trial court possesses is the discretion provided by statute or rule. [Citations.]" [Citation.] In short, the trial court's discretion is not so broad that it "may ignore or contravene the purposes of the law regarding . . . child support. [Citations.]" [Citation.]' " (*Williams, supra,* 150 Cal.App.4th at p. 1234.)

## II. *Section 4065, Subdivision (d), Does Not Apply*

Elizabeth maintains that the trial court abused its discretion in requiring her to prove a change of circumstances. Because Brian and she stipulated to a child support order below the guideline level, she asserts that under section 4065, subdivision (d), she did not have to show changed circumstances.[7] Brian responds that Elizabeth has waived raising this argument on appeal, and the doctrines of estoppel and invited error also bar this argument. We need not consider whether waiver, estoppel, or invited error apply because we reject Elizabeth's argument on its merits.

Generally, a party seeking to modify child support must " 'introduce admissible evidence of changed circumstances as a necessary predicate for modification.' " (*Williams, supra,* 150 Cal.App.4th at p. 1234.) Where the parties have stipulated to a child support order that is below the amount established by the statewide uniform guideline, the order may be modified to guideline level or above without a showing of changed circumstances. (§ 4065, subd. (d); *Williams,* at p. 1234.)

Elizabeth asserts that it is undisputed that the 2010 child support order was below the guideline amount. The trial court stated at the modification hearing that the parties agreed that the child support of $11,000 fell below the guideline amount.

Although evidence presented at the modification hearing showed that $11,000 per month fell below the guideline amount, the 2010 judgment indicated that this amount was the guideline amount. The 2010 judgment did not include the declaration pursuant to

_____

[7] Section 4065, subdivision (d), provides the following: "If the parties to a stipulated agreement stipulate to a child support order below the amount established by the state wide uniform guideline, no change of circumstances need be demonstrated to obtain a modification of the child support order to the applicable guideline level or above."

6

section 4065 that must accompany a stipulated below guideline child support order. When parties stipulate to below guideline child support, they must declare the following: "(1) They are fully informed of their rights concerning child support. [¶] (2) The order is being agreed to without coercion or duress. [¶] (3) The agreement is in the best interests of the children involved. [¶] (4) The needs of the children will be adequately met by the stipulated amount. [¶] (5) The right to support has not been assigned to the county . . . and no public assistance application is pending." (§ 4065.)

Additionally, a child support order deviating from the guideline amount " 'triggers the court's sua sponte obligation to state, in writing or on the record" (*Williams, supra,* 150 Cal.App.4th at p. 1235) the following information: "(1) The amount of support that would have been ordered under the guideline formula. [¶] (2) The reasons the amount of support ordered differs from the guideline formula amount. [¶] (3) The reasons the amount of support ordered is consistent with the best interests of the children." (§ 4056.) In 2010, the trial court did not make the findings required for a child support order differing from the guideline level.

Elizabeth's attorney prepared the 2010 judgment and attached the mandatory Judicial Council form (FL-342). This form included a section entitled, "Non-Guideline Order," and adjacent to this heading was a box to be marked if this were a non-guideline order. Although Elizabeth's attorney marked other boxes related to child support with an "X," the box indicating the order was non-guideline remained blank. Furthermore, the "Non-Guideline Order" section states that an additional form, "A *Non-Guideline Child Support Findings Attachment* (Form FL-342(A))," must be attached when the box next to the "Non-Guideline Order" is marked. No such attachment accompanied the 2010 judgment.

The 2010 judgment does not indicate that the $11,000 per month in child support fell below the guideline level. To the extent there is any ambiguity in the 2010 judgment, it must be construed against Elizabeth since the judgment was drafted by her counsel.

7

(Civ. Code, § 1654; *In re Marriage of Ousterman* (1996) 46 Cal.App.4th 1090, 1097, fn. 5.)

The evidence at the modification hearing established that the 2010 judgment based on the stipulated child support deviated from the guideline calculation, but we do not look at the evidence presented at the hearing to modify child support to determine what child support was ordered in 2010. (See *In re Marriage of Trearse* (1987) 195 Cal.App.3d 1189, 1192.) Elizabeth's appeal is not from the 2010 judgment and she is not directly attacking that judgment. The 2010 judgment might erroneously indicate that the child support was the guideline amount but such an error does not make this judgment void as the court clearly had jurisdiction to order child support, including non-guideline child support. Elizabeth is essentially attempting to mount an impermissible collateral attack on the 2010 stipulated judgment. (See *In re Marriage of Maxfield* (1983) 142 Cal.App.3d 755, 759; *In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 413; *In re Marriage of Stanton* (2010) 190 Cal.App.4th 547, 554.)

The 2010 judgment indicates that the child support ordered was the guideline amount and, consequently, section 4065, subdivision (d) does not apply. Elizabeth cannot now belatedly claim this judgment is erroneous. Accordingly, we reject Elizabeth's claim that the trial court abused its discretion when it required her to show a change of circumstances.

### III. *Change of Circumstances*

Elizabeth contends the record does not support the trial court's finding that she failed to demonstrate a material change of circumstances sufficient to warrant an increase in support. We disagree.

With certain exceptions not applicable here, the trial court may modify or terminate a child support order at any time the court deems it necessary. (§ 3651, subd. (a); *Williams, supra,* 150 Cal.App.4th at p. 1234.) In child support modification proceedings, "the courts must adopt the course that is for the child's best interests and modification should only occur upon an affirmative showing of a change in

8

circumstances [citation]." (*In re Marriage of Popenhager* (1979) 99 Cal.App.3d 514, 521; see also *In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 47.) "Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order." (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 480.) A shift in either parent's financial position is not per se a ground for modification, but a child has the right to share in a wealthy parent's standard of living. (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1482 ["an increased inequality of income is not in itself a material change of circumstances"]; see also *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946, 951.)

Elizabeth maintains that the 2010 judgment stated that Brian's income was $42,000 per month, or $504,000 per year, and Brian declared on his August 23, 2012 Income and Expense Declaration that his monthly income was $171,726.49. In April 2013, he listed his average income at $164,445.62 per month, which exceeded $2 million per year. She asserts that the trial court should have compared his current income to the amount set forth in the final 2010 judgment rather than to the $2 million reported on the joint tax return. Moreover, she maintains the difference between the $2 million reported on the tax return and Brian's current income of over $3 million is a changed circumstance.

The trial court acknowledged that the income stated in the 2010 judgment was inaccurate and non-guideline but concluded that Brian's current income of over $3 million did not represent a material change because the amount of $11,000 a month met the children's needs and was in their best interest. (See § 4056, subd. (a)(3) [court shall state on the record reasons amount of support ordered is consistent with best interests of children when ordering child support that differs from guideline formula].) Additionally, the court found that there was no factual change in circumstances because, prior to the 2010 judgment, Elizabeth signed a joint tax return revealing Brian's income as exceeding $2 million.

9

Elizabeth claims that Brian's change in income—no matter whether it is from the 2010 judgment or the jointly filed tax return—has resulted in the children's lifestyle being better when they live with Brian than it is when they are residing with her. Elizabeth stresses that a child support order "should reflect the increased costs of raising the children in two homes and should minimize significant disparities in the children's living standards" in the two residences. (§ 4053, subd. (g).) Elizabeth argues that the trial court erred when it based its calculation on the support ordered in 2010 rather than on the parents' current situation. She also contends the trial court erred by imposing the burden of proof on her.

The guideline amount is presumed to be the correct amount of child support to be ordered. (§ 4057, subd. (a).) The presumption may be rebutted by admissible evidence showing that the application of the formula would be unjust or inappropriate based on various factors, including, "[t]he parent being ordered to pay child support has an extraordinarily high income and the amount determined under the formula would exceed the needs of the children." (*Id.,* subd. (b)(3).) Thus, Brian, not Elizabeth, had the burden of showing that an amount lower than the guideline amount met the children's reasonable needs.

Under the child support statutes (see §§ 4053, subd. (f); 4054, subd. (g)), minor children "should share in the standard of living of both parents and the amount of support may appropriately 'improve the standard of living of the custodial household to improve the lives of the children.' " (*In re Marriage of Wittgrove* (2004) 120 Cal.App.4th 1317, 1329; see also *In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 96; *In re Marriage of Hubner* (1988) 205 Cal.App.3d 660, 668.) The standard is not the children's basic need but their needs in light of both parents' abilities and standard of living. (*Kerr,* at p. 97.) "A child's need is measured by the parents' current station in life." (*Id.* at p. 96.)

Although the trial court's order indicates that it incorrectly placed the burden of proof on Elizabeth and improperly used the standard of basic needs,[8] Elizabeth cannot

_____

[8] We disagree with Elizabeth that the trial court failed to consider the children's current needs. The court found that $11,000 was sufficient to meet "the needs of the

10

prevail because she cannot meet her burden of showing a prejudicial abuse of discretion. (*Mari P. v. Riles* (1987) 43 Cal.3d 1281, 1291; see also *In re Marriage of Steiner & Hosseini* (2004) 117 Cal.App.4th 519, 526 [article VI, section 13 of California Constitution mandates that no judgment may be set aside unless there has been a miscarriage of justice].) Brian met his burden of showing that he is an extraordinarily high income earner and there was no change of circumstances based on an increase in his earnings because $11,000 per month in child support met the children's needs. (See *In re Marriage of Burkle* (2006) 139 Cal.App.4th 712, 738 ["an error in allocating the burden of proof must be prejudicial in order to constitute reversible error"].)

The record amply supported a finding that Brian had an extraordinarily high income. Brian presented evidence that the guideline support in the amount of $11,000 per month, based on both parents' sharing equal custody of the two children, required earnings of nearly $1.5 million per year. Only .38 per cent of the households in Contra Costa earned over $1 million a year. Since the child support was appropriate for an extraordinarily high earner, the trial court could conclude that any increases in income since 2010 were not material.

Furthermore, Brian presented evidence that the $11,000 a month in child support met the children's needs and the guideline amount was excessive.[9] In addition to paying the child support, Brian submitted evidence that he paid for all of the children's extracurricular activities and was contributing $500 a month to a college fund for the children. Elizabeth's Income and Expense Declaration established that monthly living expenses for her two children and her were $5,287 a month; thus, the $11,000 amply covered these expenses.

---

children at this time." In any event, for the reasons discussed below, any alleged error on this basis was not prejudicial.

[9] The guideline amount, according to Brian, was $27,665 a month; it was $32,000 a month according to Elizabeth.

Brian also produced evidence indicating there was no significant disparity between the children's lifestyle at each parent's home. The children spent one-half their time in Elizabeth's home, which Elizabeth owned free and clear of any mortgage. Elizabeth's house was one block away from Brian's home and both parents' homes were in the same gated development. Additionally, the two homes were the same model and had the same square footage. Both parents took the children on vacations to Mexico or Hawaii and Elizabeth had recently taken the children on a trip to the Bahamas.

As noted, on appeal, Elizabeth has the burden of establishing prejudice or affirmatively showing error. (Code Civ. Proc., § 475; Evid. Code, §§ 500, 550; see also *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The only evidence Elizabeth presented at trial on the alleged disparity in lifestyle was her declaration that she could not "compete with" Brian's "purchasing power" when the children asked for name brand clothes and expensive items. She declared that the children were constantly buying items online at Brian's house and they could not purchase those items while residing with her. She also stated that the boys asked her why she did not own two homes in Lake Tahoe as Brian does.

Elizabeth has not demonstrated that the trial court prejudicially abused its discretion when it found that there was no material change of circumstances warranting an increase in the $11,000 per month child support. The record contains Elizabeth's declaration that the children could purchase more items while residing with Brian, but the uncontested evidence was that the children enjoyed roughly the same lifestyle at each parent's home; the children's vacations and activities were the same at both homes and both parents had similar homes and lived in the same neighborhood.


**IV.** *The Trial Court Did Not Need to Make Findings Pursuant to Section 4056*

Elizabeth contends that the trial court acknowledged that the child support was below the guideline amount and therefore, according to Elizabeth, it "approved a *de facto* order for a below guideline child support amount[.]" She claims the court erred when it

failed to make the mandatory factual findings under section 4056, and this is reversible error.  (See *In re Marriage of Gigliotti* (1995) 33 Cal.App.4th 518, 526 [reversible error when court reduced child support order from guideline amount without requisite justification under section 4056, subdivision (a)].)  She argues that we must remand for the trial court to establish the current level of guideline support and to determine whether the high earner exception applies.

Section 4056 requires the trial court to state, on the record or in writing, the guideline formula result when it exercises its discretion to order child support in an amount that deviates from the guideline formula amount.  (See § 4056, subd. (a).)  Here, the trial court did not issue an order for child support; rather, it denied Elizabeth's request to modify the existing support order because she failed to show a material change of circumstances.  Indeed, Elizabeth objected to the order prepared by Brian's counsel partially because it included findings pursuant to section 4056.  When urging the court to reject the order submitted by Brian's counsel, Elizabeth's attorney wrote:  "[T]he court did not make a child support order.  The court denied [Elizabeth's] motion to modify the current child support order . . . ."

In the lower court, Elizabeth's counsel argued that section 4056 did not apply, but now on appeal she claims the trial court erred by failing to make findings under this provision.  She has cited no authority requiring the trial court to state the information set forth in section 4056 when denying a motion to modify a child support order, and we reject this unsubstantiated argument.

## DISPOSITION

The judgment is affirmed.  Brian is awarded the costs of appeal.

_____
Kline, P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.